**UNITED STATES DISTRICT COURT
IN THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Bernard Bates, ) | |
| ) | C/A No.: 3:09-cv-2792-CMC |
| Plaintiff, ) | |
| ) | **OPINION AND ORDER** |
| v. ) | |
| Chase Home Finance, LLC, ) | |
| Defendant. ) | |

This matter is before the court on motion to alter or amend the judgment filed by Plaintiff Bernard Bates ("Bates"). Dkt. No. 49. On December 6, 2010, the court granted summary judgment in favor of Defendant Chase Home Finance, LLC ("Chase") and denied Bates' corresponding motion for partial summary judgment. Dkt. No. 46. Bates now argues that the court erred in both rulings. Dkt. No. 49 at 2. He therefore moves to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). *Id.* For the reasons set forth below, the motion to alter or amend judgment is denied.

**STANDARD**

Rule 59(e) allows the court to alter or amend an earlier judgment "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue

1

a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403 (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).  A motion to alter or amend a judgment "is an extraordinary remedy which should be used sparingly." *Id.* at 402 (4th Cir. 1998) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 at 124 (2d ed. 1995)).

## DISCUSSION

Bates advances two grounds for altering or amending the judgment: (1) to account for new evidence and (2) to correct a clear error of law.  The court finds both arguments insufficient.

**New Evidence.**  Bates includes multiple attachments with his motion.  The attachments include: portions of his credit report and copies of several letters, checks, and mailing labels.  Dkt. No. 49-1 at 9-48.  None of these documents were previously presented to the court.  "[I]f a party relies on newly discovered evidence in its Rule 59(e) motion, the party 'must produce a "legitimate justification for not presenting" the evidence during the earlier proceeding.'" *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996) (quoting *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992)).  Bates offers no explanation or justification for not obtaining or presenting this evidence prior to entry of judgment.  Bates' motion to alter or amend judgment on this ground is denied.

Even if the court were to consider this evidence, it would not modify the result because it does not change any critical fact. For example, the proffered portions of Bates' credit report confirm that Bates did not make any mortgage payments after August 2006.  Thus, he was at least two payments delinquent when Chase referred his mortgage loan for foreclosure on October 20, 2006. Dkt. No. 30-2 at ¶ 12.  Similarly, even if the new evidence establishes that Chase received the insurance proceeds on November 9, 2006 rather than November 14, 2006, this five-day difference

would not substantially change the court's analysis in its original order.  *See* Dkt. No. 46 at 7-9 (reasoning that the facts failed to establish a delay resulting in a breach of contract).

**Clear Error of Law.**  Bates presents six arguments that the court committed clear error, three of which claim the court erred in analyzing the implied covenant of good faith and fair dealing.[1]  Dkt. No. 49 at 3-5.  This is the first time Bates has relied on the implied covenant of good faith and fair dealing in support of his breach of contract claim.  *See* Dkt. Nos. 1-1, 22, 31, and 39 (making no mention the implied covenant of good faith and fair dealing).  The court, nonetheless, considered this covenant in assessing Bates' breach of contract claim, thereby giving Bates the benefit of the doubt despite his failure to raise the argument.[2]  *See* Dkt. No. 46.  Therefore, Bates' arguments that the court erred in analyzing the implied covenant of good faith and fair dealing are both arguments that he had the ability to address at the summary judgment stage and arguments the court has already considered despite Bates' failure to raise them.  Nothing in Bates' current

---

[1] In his motion to alter or amend judgment, Bates argues that the court made legal error in its order in the following respects: (1) the implied covenant of good faith and fair dealing prevented Chase from instituting or continuing foreclosure proceedings after Bates' insurance company requested a payoff statement; (2) the implied covenant of good faith and fair dealing required Chase to report the mortgage as paid in full earlier; (3) the implied covenant of good faith and fair dealing required Chase to provide Bates the authorization form allowing Chase to apply insurance proceeds to the mortgage loan at its "earliest opportunity;" (4) Chase's breaches of the implied covenant of good faith and fair dealing are breaches accompanied by fraudulent act; (5) Chase's actions constituted a violation of South Carolina Unfair Trade Practices Act; and (6) Bates' proffered evidence of emotional distress met the elements required for a claim for intentional infliction of emotional distress.  Dkt. No. 49 at 3-6.

[2] The only instance in which the court did not address the implied covenant of good faith and fair dealing in its order was in discussing whether Chase's institution or continuation of foreclosure proceedings was a breach of contract.  The court did not do so because it found that Chase was within its express contractual rights in instituting foreclosure proceedings, thus making the implied covenant of good faith and fair dealing inapplicable.  Dkt. No. 46 at 9-10; *see The Riggs Nat'l Bank of Washington, D.C. v. Linch*, 36 F.3d 370, 373 (4th Cir. 1994) ("An implied duty of good faith cannot be used to override or modify explicit contractual terms.").

arguments persuades the court that its earlier reasoning and conclusions were erroneous.

The remaining two arguments concern Bates' claims for violation of South Carolina Unfair Trade Practices Act and intentional infliction of emotional distress. These are merely reargument of matters previously considered by this court in its December 6, 2010 order. Dkt. No. 46 at 12-14. Therefore, these arguments do not merit altering or amending the judgment.

## CONCLUSION

For the reasons set forth above, the court denies Plaintiff Bernard Bates' motion to alter or amend judgment.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 7, 2011